UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANIS L. DUNBAR,

                Plaintiff,

-against-

MARK ZUCKERBERG; EDUARO SAVERIN; DUSTIN MOSKOVITZ.,

                Defendants.

25-CV-1960 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction. By order dated March 28, 2025, the court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is

'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint:

> I got stalked and scammed online by Curtis James Jackson/50. I told Mark Zuckerberg on TikTok he's stealing online. Mark Zuckerberg said who are you Bozo? Robbed of $600.

(ECF 1 at 2.)[1]

Plaintiff further alleges:

> In 2017, Curtis Jackson came in my messenger saying he needed help for an African Orphanage. His money tied up with his associates. This is after a psychiatric 10 day hold. I almost died. Curtis Jackson was online getting condolences for me. I'm supposed to be dead.

(*Id.* at 5.)

Plaintiff makes the following allegations about Defendant Zuckerberg:

> Mark Zuckerberg knows about my book. He changed the name of his company because its in my book. And he stopped all the things messenger used to do.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

> Ask him whose the Hacker? Hacking Hackers Way. The police had me surrounded. Whose the hacker? I'm suppose to be crazy. My book must be read. Facebook was supposed to be safe! I got stalked and robbed by the same people.

(*Id.* at 6.)

Plaintiff reasserts allegations that she raised in prior suits that she has "been being stalked with catfish." (*Id.* at 5.)[2]

Plaintiff sues Mark Zuckerberg, described as Chief Executive Officer of Meta, and Eduardo Savarin, and Dustin Moskovitz, described as "co-owners" of Meta. Plaintiff contends that she has been injured because "they keep trying to put me in the mental hsp." (*Id.* at 6.)[3] She seeks "a billion" dollars in damages.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Plaintiff's allegations that Defendants changed the name of Facebook to Meta based on information in her book and her other allegations are not plausible and do not give rise to a right to relief. Thus, a finding of frivolousness is warranted, *see Livingston*, 141 F.3d at 437, and the Court dismisses this action as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2] *See Dunbar v. Jackson*, 24-CV-4491 (LTS) (S.D.N.Y. Sept. 5, 2024) (dismissing complaint alleging that Defendant Curtis James Jackson, III "catfished" her for years "trying to drive [her] crazy" as lacking any plausible factual predicate).

[3] On the same day that Plaintiff filed this suit, she also filed several others. *See Dunbar v. ABC World News Network*, No. 25-CV-1959 (S.D.N.Y. filed Mar. 4, 2025); *Dunbar v. Johnson*, No. 25-CV-1957 (S.D.N.Y. filed Mar. 4, 2025) (claims against CEO of Black Entertainment Television and others); *Dunbar v. Casey*, No. 25-CV-1961 (S.D.N.Y. filed Mar. 4, 2025) (asserting claims about radio hosts who interacted with Curtis Jackson).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   June 11, 2025
         New York, New York

                                          *Louis L. Stanton*
                                          Louis L. Stanton
                                          U.S.D.J.